UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDRE D. RICE, | ) | 3:10CV1916 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE PATRICIA GAUGHAN |
| | ) | (Mag. Judge Kenneth S. Mchargh) |
| | ) | |
| ROBERT C. WELCH, | ) | |
| Warden, | ) | |
| | ) | |
| | ) | |
| Respondent | ) | REPORT AND |
| | ) | RECOMMENDATION |

McHARGH, MAG. JUDGE

The petitioner Andre D. Rice ("Rice") filed a petition pro se for a writ of

habeas corpus arising out of his 2006 conviction for involuntary manslaughter and

aggravated robbery in the Lucas County (Ohio) Court of Common Pleas.  (Doc. 1.)

After the original petition was dismissed to afford Rice the opportunity to exhaust

his state remedies (doc. 6), Rice returned to this court (doc. 8) and filed an amended

petition.  In his amended petition, Rice raises sixteen[1] grounds for relief:

> GROUND ONE: Petitioner Rice claims that he is being held in
> violation of constitutional rights of the Constitution, laws and treaties
> of the United States. By and through the denial, deprivation, and/or
> prejudice of Petitioner's individual guaranteed fundamental rights of

---

[1]  The respondent finds seventeen grounds for relief.  However, the amended
petition only list sixteen grounds.  See doc. 13, at 10, 13, 16, 20, 24, 29, 33, 35, 37, 42,
44, 47, 49, 52-53, 56, and 58.

Due Process, Equal Protection, proper Nature of Charge, proper Grand Jury Indictment, Compulsory Process, Double Jeopardy, Confrontation of Witnesses, Cruel and Unusual Punishment Inflicted, Effective Assistance of Counsel and Fair Trial by Jury of the 5th, 6th, 8th & 14th Sec. l Amendments of the United States Constitution.

Where he was wrongfully, unlawfully and unconstitutionally convicted on falsified insufficiently charged purported primary fatally defective count of R. C. § 2911.01(A)(3) Aggravated Robbery and the falsified defective insufficiently charged secondary count of R.C. § 2903.04(A) Involuntary Manslaughter.

By and through the State of Ohio illegally obtaining material and physical evidence by falsification to substantiate the Nature of Charge of R.C. § 2911.01(A)(3) Aggravated Robbery and R.C. § 2903.04(A) Involuntary Manslaughter to falsely initiate prosecution against Petitioner Rice. Thereby, rendering the charges defective and the evidence insufficient his conviction is grounded on. Thus the nature of Petitioner's plea was involuntarily made, him unlawfully, wrongfully and unconstitutionally convicted of the falsely purported crimes for prosecution, him illegally restrained of his liberties, and entitled to habeas corpus relief.

GROUND TWO: Petitioner Rice claims that he is being held in violation of constitutional rights of the Constitution, laws and treaties of the United States. By and through the denial, deprivation, and/or prejudice of Petitioner's individual guaranteed fundamental rights of Due Process, Equal Protection, proper Nature of Charge, proper Grand Jury Indictment, Compulsory Process, Double Jeopardy, Confrontation of Witnesses, Cruel and Unusual Punishment Inflicted, Effective Assistance of Counsel and Fair Trial by Jury of the 5th, 6th, 8th & 14th Sec. l Amendments of the United States Constitution.

By and through the denial of his right to the proper Nature of Charge and proper Indictment by Grand Jury due to the omission of vital material mens rea culpable mental state elements of the offenses rendering him wrongfully, unlawfully and unconstitutionally convicted on the purported falsified insufficiently charged primary fatally defective count of R.C. § 2911.01 (A) (3) Aggravated Robbery and the falsified defective insufficiently charged secondary count of R.C. §2903.04 (A) Involuntary Manslaughter. That failed to state a formal sufficient accusation in either offense as required by law for prosecution of a crime.

2

This was further accomplished by and through the State of Ohio illegally obtaining tainted material and physical evidence by falsification to falsely substantiate the Nature of Charge of R.C. § 2911.01 (A)(3) Aggravated Robbery and R.C. § 2903..04 (A) Involuntary failed to state a formal accusation for prosecution. Thereby, rendering the charges defective and the evidence insufficient his conviction is grounded on. Thus the nature of Petitioner's plea was involuntarily made, him unlawfully, wrongfully and unconstitutionally convicted of the falsely purported crimes for prosecution, him illegally restrained of his liberties, and entitled to habeas corpus relief.

GROUND THREE: Petitioner Rice claims that he is being held in violation of constitutional rights of the Constitution, laws and treaties of the United States. By and through the denial, deprivation, and/or prejudice of Petitioner's individual guaranteed fundamental rights of Due Process, Equal protection, proper Nature of Charge, proper Grand Jury Indictment, Compulsory Process, Double Jeopardy, Confrontation of witnesses, Cruel and Unusual Punishment Inflicted, Effective Assistance of Counsel and Fair Trial by Jury of the 5th, 6th, 8tyh & 14th Sec 1 Amendments of the United States Constitution.

By and through the State of Ohio prosecutorial misconduct denying Petitioner's right to Due Process & Equal Protection of law to Compulsory Confrontation of Witnesses, proper Nature of Charge, proper Indictment by Grand Jury, Effective Assistance of Counsel, and Fair Trial by Jury due to:
    (1) The falsification of illegally obtained tainted evidence.
    (2) The willful, deliberate, and blatant suppression of requested favorable visual exculpatory evidence of Petitioner's arrest DVD video.
    (3) Malicious prosecution of Petitioner for crimes he didn't commit.
Rendering Petitioner wrongfully, unlawfully, and unconstitutionally convicted of the purported falsified insufficiently charged primary fatally defective count R.C. § 2911.01(A)(3) Aggravated Robbery and the falsified defective insufficiently charged secondary count of R.C. § 2903.04(A) Involuntary Manslaughter. That failed to state a formal sufficient accusation in either offense as required by law for' prosecution of a crime.

Thereby, prosecution's misconduct rendering the charges defective and the evidence insufficient to sustain Petitioner's conviction on. Thus the nature of Petitioner's plea was involuntarily·

3

made, making him unlawfully, wrongfully and unconstitutionally convicted of the falsely purported crimes for prosecution, making him illegally restrained of his liberties, and entitled to habeas corpus relief.

GROUND FOUR: Petitioner Rice claims that he is being held in violation of constitutional rights of the Constitution, laws and treaties of the United States. By and through the denial, deprivation, and/or prejudice of Petitioner's individual guaranteed fundamental rights of Due Process, Equal Protection, proper Nature of Charge, proper Grand Jury Indictment, Compulsory Process, Double Jeopardy, Confrontation of Witnesses, Cruel and Unusual Punishment Inflicted, Effective Assistance of Counsel and Fair Trial by Jury of the 5th, 6th, 8th & 14th Sec. l Amendments of the United States Constitution.

By and through the nature of Petitioner's plea not being made knowingly, intelligently, or voluntarily in the constitutional sense as required by law, due to the lack of "real notice," of the true nature of charges of the purported count of R.C. § 2911.01(A)(3) Aggravated Robbery, and R.C. § 2903.04(A) Involuntary Manslaughter for prosecution by Alford plea. Petitioner's plea was involuntary for the following reasons:
   (1) Falsified material and physical evidence
   (2) Falsely substantiated Nature of Charge
   (3) Omitted vital material mens rea culpable mental state elements failing to state a formal sufficient accusation of a crime.
   (4) Prosecution withholding favorable visual exculpatory evidence that supported his innocence on.
Rendering Petitioner wrongfully, unlawfully and unconstitutionally convicted of the purported falsified insufficiently charged primary fatally defective count of R.C. § 2911.01(A)(3) Aggravated Robbery and the falsified defective insufficiently charged secondary count of R.C. § 2903.04(A) Involuntary Manslaughter. That failed to state a formal sufficient accusation in either offense as was required by law for prosecution of a crime.

Thereby, the nature of Petitioner's plea was not made knowingly, intelligently or voluntarily in the constitutional sense. Thus the nature of Making Petitioner unlawfully, wrongfully and unconstitutionally convicted of the falsely purported crimes and evidence for prosecution, making him illegally restrained of his liberties, and entitled to habeas corpus relief.

GROUND FIVE: Petitioner Rice claims that he is being held in violation of constitutional rights of the Constitution, laws and treaties of the United States. By and through the denial, deprivation, and/or prejudice of Petitioner's individual guaranteed fundamental rights of Due Process, Equal Protection, proper Nature of Charge, proper Grand Jury Indictment, Compulsory Process, Double Jeopardy, Confrontation of Witnesses, Cruel and Unusual Punishment Inflicted, Effective Assistance of Counsel and Fair Trial by Jury of the 5th, 6th, 8th & 14th Sec. l Amendments of the United States Constitution.

By and through defense counsel's deficient performance to make that adversary process work during the critical pre-trial, trial and sentencing stages, prejudicing a proper Nature of Charge, proper Indictment by Grand Jury, Compulsory Process, right against Cruel and Unusual Punishment , Double Jeopardy, Effective Assistance of Counsel, and Fair Trial by Jury. Due to counsel's errors as follows:

(l) Counsel's failure to challenge every purported piece of material and physical evidence for sufficiency during the critical pre-trial stage.

(2) Counsel's failure to pursue requested Court ordered favorable exculpatory visual evidence of the arrest DVD video to its ultimate conclusion.

(3) Counsel's error to challenge Petitioner's alleged confession for sufficiency.

(4) Counsel's error of failure to challenge the Nature of Charge of each indictment count for sufficiency.

(5) Counsel's deficiently induced, coerced by ill advisement the changing of petitioner's plea of not guilty of 8½ months to guilty by counsel's ill preparedness.

(6) Counsel failed to advise Petitioner of his right to concurrent sentences due to them being allied offenses.

Rendering Petitioner wrongfully, unlawfully and unconstitutionally convicted of the purported falsified insufficiently charged primary fatally defective count of R.C. § 2911.01(A)(3) Aggravated Robbery and the falsified defective insufficiently charged secondary count of R.C. § 2903.04(A) Involuntary Manslaughter. That failed to state a formal sufficient accusation in either offense as was required by law for prosecution of a crime.

Thereby, Counsel's performance was so deficient it undermine the court's determination of Petitioner's guilt or innocence in the prosecution proceeding. Thus the nature of Petitioner's plea was

involuntarily made making him unlawfully, wrongfully and unconstitutionally convicted of the falsely purported crimes and evidence for prosecution, making him illegally restrained of his liberties, and entitled to habeas corpus relief.

GROUND SIX: Petitioner Rice claims that he is being held in violation of constitutional rights of the Constitution, laws and treaties of the United States. By and through the denial, deprivation, and/or prejudice of Petitioner's individual guaranteed fundamental rights of Due Process, Equal Protection, proper Nature of Charge, proper Grand Jury Indictment, Compulsory Process, Double Jeopardy, Confrontation of Witnesses, Cruel and Unusual Punishment Inflicted, Effective Assistance of Counsel and Fair Trial by Jury of the 5th, 6th, 8th & 14th Sec. l Amendments of the United States Constitution.

By and through Petitioner's unlawful wrongful conviction being grounded on insufficient evidence. All the purported evidence for prosecution against Petitioner was illegally obtained by and through falsification.

Thereby, Petitioner's unlawful conviction is grounded on insufficient evidence which undermined the determination of his guilt or innocence in this prosecution proceeding.  Thus Petitioner was denied a Fair Trial, Effective Assistance of Counsel, Due Process, Equal Protection, and a Fair Trial by Jury rendering the purported evidence insufficient and the judgment insufficient to sustain Petitioner's conviction and the nature of his plea involuntarily made, making him unlawfully, wrongfully, and unconstitutionally convicted of the falsely purported crimes and evidence for prosecution, making him illegally restrained of his liberties, and entitling him to habeas corpus relief.

GROUND SEVEN: Petitioner Rice claims that he is being held in violation of constitutional rights of the Constitution, laws and treaties of the United States. By and through the denial, deprivation, and/or prejudice of Petitioner's individual guaranteed fundamental rights of Due Process, Equal Protection, proper Nature of Charge, proper Grand Jury Indictment, Compulsory Process, Double Jeopardy, Confrontation of Witnesses, Cruel and Unusual Punishment Inflicted, Effective Assistance of Counsel and Fair Trial by Jury of the 5th, 6th, 8th & 14th Sec. l Amendments of the United States Constitution.

6

By and through the trial courts lack of sufficient subject matter jurisdiction on the purported defective counts that failed to state a formal accusation to give the court power to render a judgment of guilt or punishment.

Thereby, rendering the court's judgment of conviction void and of no effect due to the lack thereof jurisdiction and Petitioner unlawfully convicted.  Thus Petitioner was denied Effective Assistance of Counsel, Due Process, Equal Protection of law insufficient to sustain Petitioner's conviction and the nature of his plea involuntarily made, making him unlawfully, wrongfully and unconstitutionally convicted making him illegally restrained of his liberties, and entitled to habeas corpus relief.

GROUND EIGHT: Petitioner Rice claims that he is being held in violation of constitutional rights of the Constitution, laws and treaties of the United States. By and through the denial, deprivation, and/or prejudice of Petitioner's individual guaranteed fundamental rights of Due Process, Equal Protection, proper Nature of Charge, proper Grand Jury Indictment, Compulsory Process, Double Jeopardy, Confrontation of Witnesses, Cruel and Unusual Punishment Inflicted, Effective Assistance of Counsel and Fair Trial by Jury of the 5th, 6th, 8th & 14th Sec. l Amendments of the United States Constitution.

By and through Petitioner being denied, deprived, and/or prejudiced requested favorable exculpatory evidence that demonstrated and supported his actual innocence on. The state withheld Petitioner arrest DVD video after being ordered by the court to produce and disclose it to the defense 5 months prior to trial and willfully suppressed it. Clearly denying Petitioner a cohesive defense, Due Process and Equal Protection of law, Compulsory Process, Effective Counsel, and a Fair Trial by Jury.

Thereby, the state withheld requested court ordered favorable exculpatory evidence that supported Petitioner's innocence on undermining the determination of his guilt or innocence in the prosecution proceeding. Thus Petitioner was denied a Fair Trial, Effective Assistance of Counsel, Due Process, Equal Protection, and a Fair Trial rendering the nature of his plea involuntarily made, making him unlawfully, wrongfully and unconstitutionally convicted of the falsely purported crimes and evidence for prosecution, making him illegally restrained of his liberties and entitled to habeas corpus relief.

7

GROUND NINE: Petitioner Rice claims that he is being held in violation of constitutional rights of the Constitution, laws and treaties of the United States. By and through the denial, deprivation, and/or prejudice of Petitioner's individual guaranteed fundamental rights of Due Process, Equal Protection, proper Nature of Charge, proper Grand Jury Indictment, Compulsory Process, Double Jeopardy, Confrontation of Witnesses, Cruel and Unusual Punishment Inflicted, Effective Assistance of Counsel and Fair Trial by Jury of the 5th, 6th, 8th & 14th Sec. l Amendments of the United States Constitution.

Rendering Petitioner factually and actually innocence in light of the denial, deprivation, and prejudice of these guaranteed fundamental absolute rights by and through significant multiple infringements. Rendering him actually innocence, unlawfully, unconstitutionally and wrongfully convicted of the falsely purported crimes and evidence for prosecution, making him illegally restrained of his liberties and entitled to habeas corpus relief.

GROUND TEN: Petitioner Rice claims that he is being held in violation of constitutional rights of the Constitution, laws and treaties of the United States. By and through the denial, deprivation, and/or prejudice of Petitioner's individual guaranteed fundamental rights of Due Process, Equal Protection, proper Nature of Charge, proper Grand Jury Indictment, Compulsory Process, Double Jeopardy, Confrontation of Witnesses, Cruel and Unusual Punishment Inflicted, Effective Assistance of Counsel and Fair Trial by Jury of the 5th, 6th, 8th & 14th Sec. l Amendments of the United States Constitution.

Petitioner was denied, and/or prejudiced his right to Allied offenses crimes of similar import. His alleged crimes were allegedly committed together January 31, 2006 there was no separate animus. Rendering him unconstitutionally sentenced to two maximum consecutive 10 year prison terms amounting to 20 years making him illegally restrained of his liberties and entitled to habeas corpus relief.

GROUND ELEVEN: Petitioner Rice claims that he is being held in violation of constitutional rights of the Constitution, laws and treaties of the United States. By and through the denial, deprivation, and/or prejudice of Petitioner's individual guaranteed fundamental rights of Due Process, Equal Protection, proper Nature of Charge, proper Grand Jury Indictment, Compulsory Process, Double Jeopardy, Confrontation of Witnesses, Cruel and Unusual Punishment Inflicted, Effective

8

Assistance of Counsel and Fair Trial by Jury of the 5th, 6th, 8th & 14th Sec. l Amendments of the United States Constitution.

Petitioner was denied, deprived, and/or prejudiced his guaranteed fundamental absolute rights to Effective Assistance of Appellate Counsel by and through counsel foregoing the aforementioned significant constitutional infringements in grounds 1 - 9 with a stronger possibility for relief, in favor of the weaker arguments used on direct appeal. Counsel also prejudiced Petitioner further appeal from the Ohio Supreme Court by allowing time to toll against Petitioner by failing to notify Petitioner of the appellate Court's decision 60 days after the decision was announced.  Prejudicing Petitioner filing a timely appeal and appellate remedy.

Rendering Counsel's performance deficient due to the breakdown in the adversary process prejudicing Petitioner effective assistance of appellate counsel and a effective appellate review. Rendering Petitioner unlawfully, and unconstitutionally convicted of the falsely purported crimes and illegally restrained of his liberties and entitled to habeas corpus relief.

GROUND TWELVE: Petitioner Rice claims that he is being held in violation of constitutional rights of the Constitution, laws and treaties of the United States. By and through the denial, deprivation, and/or prejudice of Petitioner's individual guaranteed fundamental rights of Due Process, Equal Protection, Compulsory Process, and Effective Assistance of Counsel and Fair Trial by Jury of the 5th, 6th, 14th Sec. l Amendments of the United States Constitution.

Petitioner's final appealable order was errantly drafted so as to be void denying his right to a final appealable order required in every criminal proceeding.  As a direct result of that error, no valid, final appealable order has been issued in this case by the court making him illegally restrained of his liberties an entitled to habeas corpus relief.

GROUND THIRTEEN: Petitioner Rice claims that he is being held in violation of constitutional rights of the Constitution, laws and treaties of the United States. By and through the denial, deprivation, and/or prejudice of Petitioner's individual guaranteed fundamental rights of Due Process, Equal Protection, proper Nature of Charge, proper Grand Jury Indictment, Compulsory Process, Double Jeopardy, Confrontation of Witnesses, Cruel and Unusual Punishment Inflicted, Effective

9

Assistance of Counsel and Fair Trial by Jury of the 5th, 6th, 8th & 14th Sec. l Amendments of the United States Constitution.

Petitioner was denied his right to a New Trial in light of newly discovered evidence and the denial, deprivation, and prejudice of these guaranteed fundamental absolute rights by and through multiple significant infringements of constitutional magnitude. Rendering him actually innocence, unlawfully, unconstitutionally and wrongfully convicted of the falsely purported crimes and evidence for prosecution, making him illegally restrained of his liberties and entitled to habeas corpus relief.

GROUND FOURTEEN: Petitioner Rice claims that he is being held in violation of constitutional rights of the Constitution, laws and treaties of the United States. By and through the denial, deprivation, and/or prejudice of Petitioner's individual guaranteed fundamental rights of Due Process, Equal Protection, proper Nature of Charge, proper Grand Jury Indictment, Compulsory Process, Double Jeopardy, Confrontation of Witnesses, Cruel and Unusual Punishment Inflicted, Effective Assistance of Counsel and Fair Trial by Jury of the 5th, 6th, 8th & 14th Sec. l Amendments of the United States Constitution.

Petitioner was denied his right to withdraw his guilt plea in light of the denial, deprivation, and prejudice of these guaranteed fundamental absolute rights by and through multiple significant infringements of constitutional magnitude. Rendering him actually innocence, unlawfully, unconstitutionally and wrongfully convicted of the falsely purported crimes and evidence for prosecution, making him illegally restrained of his liberties and entitled to habeas corpus relief.

GROUND FIFTEEN: Petitioner Rice claims that he is being held in violation of constitutional rights of the Constitution, laws and treaties of the United States. By and through the denial, deprivation, and/or prejudice of Petitioner's individual guaranteed fundamental rights of Due Process, Equal Protection, proper Nature of Charge, proper Grand Jury Indictment, Compulsory Process, Double Jeopardy, Confrontation of Witnesses, Cruel and Unusual Punishment Inflicted, Effective Assistance of Counsel and Fair Trial by Jury of the of the 5th, 6th& 14th Sec. 1 Amendments of the United States Constitution.

Petitioner was unconstitutionally sentenced to two maximum 10 year consecutive prison terms but was legally bound to a maximum 10 years concurrent term of the two alleged allied offenses for prosecution.

Thus, Petitioner had a constitutional right to resentencing by the court in light of the denial, deprivation, and prejudice of these guaranteed fundamental absolute rights by and through multiple significant infringements of constitutional magnitude but was denied this right by the court. Rendering him actually innocence, unlawfully, unconstitutionally and wrongfully convicted of the falsely purported crimes and evidence for prosecution, making him illegally restrained of his liberties and entitled to habeas corpus relief.

GROUND SIXTEEN: Petitioner Rice claims that he is being held in violation of constitutional rights of the Constitution, laws and treaties of the United States. By and through the denial, deprivation, and/or prejudice of Petitioner's individual guaranteed fundamental rights of Due Process, Equal Protection, proper Nature of Charge, proper Grand Jury Indictment, Compulsory Process, Double Jeopardy, Confrontation of Witnesses, Cruel and Unusual Punishment Inflicted, Effective Assistance of Counsel and Fair Trial by Jury of the of the 5th, 6th, & 14th Sec. 1 Amendments of the United States Constitution.

Petitioner has exhausted every state remedy available to him to resolve these  constitutional infringements he has suffered to no avail (as listed herein). The state  has had an overwhelming opportunity to correct the significant multiple infringements of constitutional magnitude.  The proper resolution was not acquired bring Petitioner before this Honorable court.  In light of the denial, deprivation and prejudice of these guaranteed fundamental absolute rights by and through multiple significant constitutional infringements. Rendering him actually innocence, unlawfully, unconstitutionally, and wrongfully convicted of the falsely purported crimes and evidence for prosecution, making him illegally restrained of his liberties and entitled to habeas corpus relief.

(Doc. 13, § 12.)  The respondent has filed a motion to dismiss (doc. 18), and Rice has

filed a Traverse and motion in opposition (doc. 21).


I.  FACTUAL AND PROCEDURAL BACKGROUND

The court of appeals set forth the following factual background:

11

Andre Delawrence Rice, appellant, and Charles Lowe, a co-defendant, were indicted by the Lucas County Grand Jury for aggravated murder, [Ohio Rev. Code § ] 2903.01(B) and (F), murder, [Ohio Rev. Code §] 2903.02(B), aggravated robbery, [Ohio Rev. Code §] 2911.01(A)(3), and felonious assault, [Ohio Rev. Code §] 2903.11(A)(1).  He requested and received appointed counsel and entered a plea of not guilty.

Appellant's appointed counsel filed, inter alia, a motion to suppress statements appellant made during custodial interrogation, a motion for disclosure of agreements between the state and its witnesses, requests for the victim's medical records and disclosure of exculpatory evidence.  The state provided a videotape of law enforcement officer interviews with appellant and the victim's medical records.

After a hearing, the trial court denied appellant's motion to suppress. Ultimately, appellant entered into a plea agreement and entered a plea of guilty pursuant to North Carolina v. Alford (1970), 400 U.S. 25, to involuntary manslaughter, Ohio Rev. Code §2903.04(A), and aggravated robbery.  Pursuant to Alford and Crim.R. 11(C), the trial court held a colloquy with appellant in order to determine that he knowingly and voluntarily entered his plea.

The state read its statement of facts into the record as follows:

"May it please the Court.  Your Honor, on January 31st of this year about 3:00 o'clock in the morning, the victim in this case was a man named Robert Smead.  He helped a woman named Lorrie Green move. She borrowed the truck from a man named Terry Taylor.  She was late coming.  She pulled up in the truck with Robert Smead driving it in the 500 block of Austin about 3:00 o'clock in the morning.  They are late getting the truck back.  Mr. Taylor is very upset.  At the same time this Defendant, along with his codefendant Charles Lowe are coming up to the same house.  Mr. Taylor is starting to demand to get the keys back from Mr. Smead. Both men get Mr. Smead out of the truck and begin to beat him. This Defendant later acknowledged that he hit Mr. Smead several times in the head with a piece of metal. The autopsy indicates that Mr. Smead had a fractured skull, he also had bilateral rib fractures on both of his back ribs two through five, about eight broken ribs as a result of the beating. They then leave.  Before they leave, they take Mr. Smead's wallet out of his pants and papers and flee in a white van.

12

"Call is made. Seen by the police going over the Cherry Street bridge in the white van. Patrol car pulls up behind them and seen Mr. Smead's belongings being thrown out the window. The Toledo Police Department recovered the items in his wallet. Both of these men were taken downtown and interviewed by the police. Both admitted their involvement in this crime. Mr. Lowe admitted to taking the wallet. Mr. Rice admitted that he had struck the victim in the head with the piece of pipe. It is not pipe, it is more like a metal conduit about six feet long and the man died as a result of the beating."

Pursuant to the negotiated agreement, the trial court at sentencing imposed a total term of 20 years incarceration and the costs of prosecution.

(Doc. 18, RX 16, at 1-3; State v. Rice, No. L-06-1343, 2007 WL 4277889, at *1-*2

(Ohio Ct. App. Dec. 7, 2007).)

## A. Direct Appeal

Rice appealed his conviction, presenting three assignments of error:

1. The trial court erred by denying the defendant's motion to suppress any statements he had made to detectives during custodial interrogation.

2. The trial court erred by failing to carefully consider the statutes that apply to every felony case at sentencing.

3. Defendant was denied effective assistance of counsel at the suppression and sentencing hearings.

(Doc. 18, RX 11.) The court of appeals affirmed Rice's conviction on Dec. 7, 2007.

(Doc. 18, RX 16; Rice, 2007 WL 4277889.)

Rice failed to file a timely appeal to the Supreme Court of Ohio. On Aug. 3,

2009, Rice filed a notice of appeal and motion for leave to file a delayed appeal.

(Doc. 18, RX 17-18.) On Sept. 16, 2009, the state high court denied the motion for

leave to file a delayed appeal.  (Doc. 18, RX 20; State v. Rice, 122 Ohio St.3d 1520,

913 N.E.2d 456 (2009).)

### B.  Motion for New Trial

On April 20, 2007, Rice filed a motion for a new trial, based on "newly

discovered evidence," namely, an affidavit from his co-defendant that Rice had acted

in self-defense.  (Doc. 18, RX 21.)  On May 24, 2007, the trial court denied the

motion for a new trial, finding that Rice had waived his right to trial when entering

a counseled plea of guilty.  (Doc. 18, RX 24.)  Rice did not appeal that

determination.

### C.  Post-Conviction Petition to Vacate Sentence

While his direct appeal was pending, Rice filed a petition to vacate or set

aside his conviction, on Mar. 21, 2007, arguing ineffective assistance of counsel

(Doc. 18, RX 25.)  The state argued that the petition was untimely, and also barred

by res judicata.  (Doc. 18, RX 35.)

Rice filed an amended post-conviction petition on Apr. 8, 2008, setting forth

seventeen (17) claims.  (Doc. 18, RX 40.)  The trial court denied the petition on May

1, 2008, finding that all of the claims were, or could have been, raised on direct

appeal.  (Doc. 18, RX 41.)

Rice filed a notice of appeal, indicating he was appealing an order dated June

11, 2008.  (Doc. 18, RX 42.)  The court of appeals dismissed the appeal, noted that

there was no judgment entry dated June 11, 2008, that the denial of his petition

occurred May 1, 2008, and an appeal from that decision was untimely.  (Doc. 18, RX 43.)  Rice did not appeal that determination to the state high court.

### D.  Second Post-Conviction Petition

On June 4, 2008, Rice filed a second petition to vacate or set aside his conviction, challenging his indictment, and citing State v. Colon, 118 Ohio St.3d 26, 885 N.E.2d 917 (2008).  (Doc. 18, RX 44-45.)  The court denied the petition on July 21, 2008, finding that Colon did not apply retroactively.  (Doc. 18, RX 51.)

Rice filed a notice of appeal on Aug. 12, 2008 (doc. 18, RX 59), but the appeal was dismissed for failure to file a brief, on Oct. 28, 2008.  (Doc. 18, RX 62.)  Rice did not appeal that determination to the state high court.

### E.  August 2008 Motion to Withdraw Guilty Plea

Rice filed a motion to withdraw his guilty plea, on Aug. 11, 2008.  (Doc. 18, RX 63.)  The trial court denied his motion on Sept. 19, 2008.  (Doc. 18, RX 68.)

Rice filed a timely notice of appeal to the court of appeals, but the appeal was dismissed for failure to file a brief, on Jan. 28, 2009.  (Doc. 18, RX 69, 71.)  Rice did not appeal that determination to the state high court.

## E.  March 2009 Motion to Withdraw Guilty Plea

Rice filed another motion[2] to withdraw his guilty plea, setting forth seven (7) arguments in support, on Mar. 3, 2009.  (Doc. 18, RX 74-75.)  The trial court denied this motion on May 1, 2009.  (Doc. 18, RX 78.)

Rice filed an appeal of that denial, setting forth eight (8) assignments of error.  (Doc. 18, RX 81.)  The court of appeals dismissed his appeal on June 24, 2009, citing State ex rel. Special Prosecutors v. Judges, Court of Common Pleas, 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978) (trial court without jurisdiction to vacate plea after conviction affirmed). The court of appeals held that the trial court did not have jurisdiction to rule on Rice's motion to withdraw his guilty plea, thus the ruling was void and an appeal cannot be taken from a void judgment.  (Doc. 18, RX 83; State v. Rice, No. L-09-1151, 2009 WL 1875238 (Ohio Ct. App. June 24, 2009) (per curiam).)  Rice did not appeal that determination to the state high court.

## F.  Motion to Dismiss Indictment

Rice filed a motion to dismiss the complaint on Jan. 29, 2010 (doc. 18, RX 125), and a motion to dismiss the indictment on Apr. 15, 2010 (doc. 18, RX 128). The court denied the motion to dismiss the indictment.  (Doc. 18, RX 130.)

Rice filed an appeal on June 24, 2010.  The court of appeals determined that Rice's claim was barred by res judicata, and affirmed the judgment of the trial

---

[2]  Rice also filed a motion to withdraw plea on Nov. 21, 2008, but moved to vacate his motion the following week.  (Doc. 18, RX 72, 73.)

16

court.  (Doc. 18, RX 135; State v. Rice, No. L-10-1182, 2010 WL 4547260 (Ohio Ct. App. Nov. 12, 2010).)

Rice next filed an appeal to the Supreme Court of Ohio, setting forth seven propositions of law.  (Doc. 18, RX 137.)  On April 20, 2011, the Supreme Court denied leave to appeal, and dismissed the appeal as not involving any substantial constitutional question.  (Doc. 18, RX 138; State v. Rice, 128 Ohio St.3d 1458, 945 N.E.2d 522 (2011).)

### G.  Motion to Correct Sentencing Entry

On March 12, 2010, Rice filed a motion to correct the status of a void sentencing entry.  (Doc. 18, RX 143.)  The court denied his motion.  (Doc. 18, RX 145.)

Rice appealed the denial (doc. 18, RX 146, 150), but his sole assignment of error was rejected by the court of appeals.  (Doc. 18, RX 152; State v. Rice, No. L-10-1120, 2011 WL 319958 (Ohio Ct. App. Jan. 28, 2011).)

Rice next filed an appeal to the Supreme Court of Ohio, setting forth five propositions of law.  (Doc. 18, RX 153-154.)  On May 25, 2011, the Supreme Court denied leave to appeal, and dismissed the appeal as not involving any substantial constitutional question.  (Doc. 18, RX 155; State v. Rice, 128 Ohio St.3d 1502, 947 N.E.2d 684 (2011).)

17

## H.  Motion for De Novo Sentencing

Rice filed a motion for de novo sentencing on March 7, 2011.  (Doc. 18, RX 156.)  The trial court denied the motion.  (Doc. 18, RX 159.)

Rice filed an appeal, and set forth four assignments of error.  (Doc. 18, RX 161.)  The court of appeals affirmed the judgment of the trial court.  (Doc. 18, RX 162; State v. Rice, No. L-12-1127, 2012 WL 6738305 (Ohio Ct. App. Dec. 31, 2012).)

Rice next filed an appeal to the Supreme Court of Ohio, setting forth seven propositions of law.  (Doc. 18, RX 163-164 .)  On Apr. 24, 2013, the Supreme Court denied leave to appeal, and dismissed the appeal as not involving any substantial constitutional question.  (Doc. 18, RX 165; State v. Rice, 135 Ohio St.3d 1416, 986 N.E.2d 31 (2013).

## I.  Other Post-Conviction Filings

In addition, Rice had filed a continual plethora of other appeals of his September 2006 conviction and sentence (doc. 18, RX 84, 96, 101, 106, 110 ), motions to withdraw plea (doc. 18, RX 124, 169), three state habeas petitions (doc. 18, RX 180, 185, 187), and other post-conviction filings (doc. 18, RX 139, 166), all of which were denied as untimely, or res judicata, or without merit.  See generally doc. 18, at 15-26 (procedural background).

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-413 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Several of the grounds put forward by Rice allege violations of Ohio law.  The question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of Ohio law or the Ohio Constitution is not properly before this court.  *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Rice has filed his petition pro se.  The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (citing *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam)).  Other than that, no special treatment is afforded litigants who decide to proceed pro se.  *McNeil v. United States*, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

### III.  RESPONDENT'S MOTION TO DISMISS

The respondent has filed a motion to dismiss the petition.  (Doc. 18.)  The court notes, initially, that Rice's amended petition is 63 pages long, with a memorandum in support of 165 pages.  (Doc. 13.)  Rice's memorandum in opposition to the motion to dismiss is 272 pages long.  (Doc. 21.)  In large part, the excessive length of his pleadings is due to the extremely repetitive nature of his arguments.  Each of the grounds of his petition, for example, contains an rote allegation that:

> . . . he is being held in violation of constitutional rights of the Constitution, laws and treaties of the United States. By and through the denial, deprivation, and/or prejudice of Petitioner's individual guaranteed fundamental rights of Due Process, Equal Protection, proper Nature of Charge, proper Grand Jury Indictment, Compulsory Process, Double Jeopardy, Confrontation of Witnesses, Cruel and Unusual Punishment Inflicted, Effective Assistance of Counsel and Fair Trial by Jury of the 5th, 6th, 8th & 14th Sec. l Amendments of the United States Constitution.

*See generally* doc. 13, § 12.

In addition, a number of his claims conclude with a recitation attacking his plea, such as:

> Thereby, the nature of Petitioner's plea was not made knowingly, intelligently or voluntarily in the constitutional sense. Thus making Petitioner unlawfully, wrongfully and unconstitutionally convicted of the falsely purported crimes and evidence for prosecution, making him illegally restrained of his liberties, and entitled to habeas corpus relief.

*See generally* doc. 13, § 12.

Although the court is required to construe a pro se petitioner's pleadings liberally, there must be some measure of coherence to enable the court to address

21

the wrongs alleged.  Here, it is frequently difficult to discern exactly what in the state court proceedings is challenged as allegedly "contrary to, or involved an unreasonable application of, clearly established federal law."

### A.  Claims Barred by Guilty Plea

The respondent contends that the first seven grounds of the petition have been waived, "to the extent that the . . . alleged errors . . . would have been evident from the face of the record," and preceded the guilty plea.  (Doc. 18, at 41-42.)

The Supreme Court has instructed that, after a criminal defendant pleads guilty on the advice of counsel, the focus of the habeas inquiry becomes "the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity."  *Tollett v. Henderson*, 411 U.S. 258, 266 (1973); *see also Brady v. United States*, 397 U.S. 742 (1970) (guilty plea, intelligently and voluntarily made, bars assertion of constitutional challenges); *Campbell v. Marshall*, 769 F.2d 314, 318-319 (6th Cir. 1985), *cert. denied*, 475 U.S. 1048 (1986).

The Court reaffirmed that, after a guilty plea, a defendant:

> . . . may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [*v. Richardson*, 397 U.S. 759 (1970)].

*Tollett*, 411 U.S. at 267; *see also Werth v. Bell*, 692 F.3d 486, 495 (6th Cir. 2012), *cert. denied*, 133 S.Ct. 1590 (2013) (guilty plea bars subsequent attack on

conviction); *Campbell*, 769 F.2d at 318; *Phillips v. Houk*, No. 5:09CV1848, 2012 WL 2191634, at *5 (N.D. Ohio Jan. 4, 2012).

The Supreme Court has ruled that a guilty plea which was made voluntarily, knowingly, and intelligently is constitutionally valid. *DeSmyther v. Bouchard*, No. 03-1419, 2004 WL 1921182 (6th Cir. 2004) (per curiam), *cert. denied*, 544 U.S. 921 (2005) (citing *Brady*, 397 U.S. 742). The Sixth Circuit has stated:

> [A] federal court reviewing a state court plea bargain may only set aside a guilty plea or plea agreement which fails to satisfy due process. . . . If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.

*DeSmyther*, 2004 WL 1921182 (quoting *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980), *cert. denied*, 454 U.S. 840 (1981)).

The first ground appears to claim that Rice was wrongfully convicted on "insufficiently charged" defective counts, which implicates his indictment. (Doc. 13, Am. Petition, at 10.) The second ground appears to claim that the indictment failed to include the mens rea elements of the offenses charged. (Doc. 13, at 13.) The third ground appears to include a Fourth Amendment challenge to evidence, an alleged Brady violation, and a claim of malicious prosecution, all of which resulted in a wrongful conviction arising from allegations that "failed to state a formal sufficient accusation in either offense as required by law for prosecution of a crime." (Doc. 13, at 16.)

The fourth ground of the amended petition appears to argue that Rice's plea was involuntary "due to the lack of 'real notice'" of the charges, and specifically "for the following reasons: (1) Falsified material and physical evidence (2) Falsely substantiated Nature of Charge (3) Omitted vital material rens mea mental state elements failing to state a formal sufficient accusation of a crime (4) Prosecution withholding favorable visual exculpatory evidence that supported his innocence on." (Doc. 13, at 20.)

The fifth ground alleges ineffective assistance of counsel "during the critical pre-trial, trial and sentencing stages," including among other things, failure to challenge Rice's confession "for sufficiency," failure to challenge each count of the indictment "for sufficiency," and coercing him to change his plea "by counsel's ill preparedness."  (Doc. 13, at 24.)

The sixth ground alleges that Rice's conviction was grounded on insufficient evidence, "illegally obtained by and through falsification." (Doc. 13, at 29-30.)  The seventh ground alleges that the trial court lacked "sufficient subject matter jurisdiction on the purported defective counts that failed to state a formal accusation to give the court power to render a judgment of guilt or punishment." (Doc. 13, at 33.)

Regarding the indictment, the state court docket indicates that Rice received a copy of the indictment at his Feb. 22, 2006, arraignment, where he waived any defects as to time, place or manner of service.  (Doc. 18, RX 189, state court docket,

at 3.)  Fair notice has been given when the charged offense is "described with some precision and certainty so as to apprise the accused of the crime with which he stands charged." *Williams v. Haviland*, 467 F.3d 527, 535 (6th Cir. 2006).  The indictment  adequately apprises Rice of the crimes of which he was charged.  *See generally* doc. 18, RX 1.  Where the defendant was fairly informed of the charges, and had sufficient information to be able to admit or deny the charges and to adequately prepare any defense that was available to him, there will be no federal due process violation.

As to his plea, the state court docket indicates that Rice "orally and in writing, waived all constitutional rights, and entered plea of Guilty pursuant to *North Carolina v. Alford* [to the lesser included offenses of involuntary manslaughter and aggravated robbery.]"  (Doc. 18, RX 189, at 12-13; *see also* doc. 18, RX 7, written plea of guilty.)  The written plea indicates his understanding that the possible maximum term of imprisonment could be twenty (20) years.  (Doc. 18, RX 7 , at 1.)  By signing the plea, Rice acknowledged that he understood the nature of the charges against him, and the possible defenses he might have.  He indicated that he was satisfied with his attorney.  He acknowledged that the state and defense counsel had "negotiated a sentence of 20 years total to which the Court has agreed."  (Doc. 18, RX 7, at 2.)  The record supports a finding that Rice understood the charges against him, understood the consequences of his guilty plea, and

voluntarily choose to plead guilty, without being coerced to do so.  *See, e.g.*, *DeSmyther*, 2004 WL 1921182.

The court finds that Rice's guilty plea bars habeas review of the first, second, third, fourth, sixth, and seventh grounds of the petition.  *Tollett*, 411 U.S. at 267; *Werth*, 692 F.3d at 495; *Campbell*, 769 F.2d at 318; *Phillips*, 2012 WL 2191634, at *5.  The fifth ground alleges ineffective assistance of counsel during the pre-trial stage.  (Doc. 13, at 24.)  This claim is not necessarily barred by Rice's guilty plea, and must be addressed further.

### 1.  Ineffective assistance of counsel

Rice alleges counsel was ineffective, for example, through the failure to challenge Rice's confession "for sufficiency," failure to challenge each count of the indictment "for sufficiency," and coercing him to change his plea "by counsel's ill preparedness."  (Doc. 13, at 24.)

On direct appeal, Rice raised ineffective assistance of counsel, concerning counsel's performance at the suppression hearing, and at sentencing.  (Doc. 18, RX 11, at 15-17.)  The court of appeals rejected his claims, as follows:

> Finally, appellant argues that his appointed counsel rendered
> ineffective assistance.  In order to demonstrate ineffective assistance of
> counsel, an accused must show: (1) that his trial counsel's performance
> was so deficient that the attorney was not functioning as the counsel
> guaranteed by the Sixth Amendment of the United States
> Constitution; and (2) that counsel's deficient performance prejudiced
> the defense.  Strickland v. Washington (1984), 466 U.S. 668, 687.  In
> order to demonstrate ineffective assistance of counsel, an accused must
> satisfy both prongs.  Id.  Prejudice is shown where there is a
> reasonable probability that a different result would have occurred in

26

the case if the attorney had not erred.  State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of syllabus.

Due to appellant's Alford plea, we are limited to an examination of whether appellant's counsel's performance caused his plea to be less than knowing and voluntary.  State v. Witcher, supra; State v. Nguyen, 6th Dist. No. L-05-1369, 2007-Ohio-2034, ¶ 18.  "[A] defendant must show that his counsel's performance was deficient, and that, but for his counsel's errors, he would not have pled guilty.  Hill v. Lockhart (1985), 474 U.S. 52, 59; State v. Martin (June 24, 1997), Lawrence App.No. 96CA53, unreported.  That is, the defendant must demonstrate that counsel's failure impaired the knowing and voluntary nature of the plea.  United States v. Broce (1989), 488 U.S. 563, 574." Pringle, supra.

A defendant's right to due process requires the record to reflect a knowing and voluntary waiver of "(1) the Fifth Amendment privilege against compulsory self-incrimination, (2) the right to trial by jury, and (3) the right to confront one's accusers ." State v. Nero (1990), 56 Ohio St.3d 106, 107, citing Boykin v. Alabama (1969), 395 U.S. 238, 242-243.  Crim.R. 11(C) provides the procedure a trial judge must follow when accepting a guilty plea in order to protect these constitutional rights.  Crim.R. 11(C)(2) provides:

"In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

"(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

"(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

"(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory

27

process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

"Although strict compliance with Crim.R. 11 is preferred, a reviewing court will consider a plea to be knowing, intelligent, and voluntary so long as the trial judge substantially complies with Crim.R. 11.  State v. Nero (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474.  'Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving.' Id." State v. McQueeney, 148 Ohio App.3d 606, 2002-Ohio-3731, ¶ 24.

Upon review of the trial court's colloquy with appellant, we find that it substantially complied with Crim.R. 11.  After the trial court orally listed each right which appellant waived by entering the plea, appellant indicated that he understood.  His counsel verified with the trial court that it would sentence appellant pursuant to the negotiated sentencing agreement.  He asserted that he was satisfied with the adequacy of his counsel and denied that anyone had made threats or promises in order to secure his plea.

Appellant argues that his counsel should have challenged the state's version of the facts given at the plea acceptance, quoted supra, because an Alford plea should not be accepted unless there is a factual basis for the plea.  Alford, 400 U.S. at 38.  Crim.R. 11, however, does not require the trial court to ensure that a factual basis exists for the plea.  State v.. Post (1987), 32 Ohio St.3d 380, 387.  "[T]he court in Alford found no constitutional bar to accepting a guilty plea in the face of an assertion of innocence provided a defendant voluntarily, knowingly and understandingly consents to sentencing on a charge." Id.

"Where the record affirmatively discloses that: (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made." State v. Piacella (1971), 27 Ohio St.2d 92, syllabus.

Appellant does not allege that his guilty plea was the result of coercion, deception, or intimidation; his counsel was present at the time of the plea; and his counsel's advice was competent in light of the evidence against him and the charges in the indictment.  Appellant demonstrated his understanding of an Alford plea by stating: "The Alford plea, it keeps me from-I'm in fear of greater charges of a situation that has certain situations that brought about this ramifications at this point, so to lessen this severity of what the situation was, that is where I'm at."

Further, although appellant alleges in his brief that the state's factual basis was a "blatant distortion," gave a "wrong image," and contained "misstatements," he does not point to particular statements which, if corrected, would not have provided a sufficient factual basis for the trial court to accept his pleas.  For these reasons, appellant's third assignment of error is not well-taken.

(Doc. 18, RX 16, at 5-9; *Rice*, 2007 WL 4277889, at *3-*4.)

Rice attempted to raise additional claims of ineffective assistance in his post-conviction petitions (doc. 18, RX 25, 40) but the state court found that the additional claims were barred by res judicata.  (Doc. 18, RX 41.)

Under the Sixth Amendment to the U.S. Constitution, "the right to counsel is the right to effective assistance of counsel."  *Missouri v. Frye*, 132 S.Ct. 1399, 1404 (2012); *Joshua v. DeWitt*, 341 F.3d 430, 437 (6th Cir. 2003) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)).  The Supreme Court recently re-affirmed that the right to counsel extends to plea negotiations.  *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012); *see also Frye*, 132 S.Ct. 1399.

The Sixth Circuit discussed the general standard for ineffective assistance of counsel in *Monzo v. Edwards*:

29

> To establish ineffective assistance of counsel under Strickland, the defendant must show that his counsel's performance fell below an objective standard of reasonableness and that his counsel's errors were so serious as to prejudice the defendant.  Review of counsel's performance is highly deferential and requires that courts "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance."  To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."

*Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (internal citations omitted).

*See generally Strickland v. Washington*, 466 U.S. 668, 689 (1984) (two-part test).

In the plea context, the defendant must show that the outcome of the plea negotiations would have been different with competent advice from counsel.  *Lafler*, 132 S.Ct. at 1384.  The petitioner is required to show "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial."  *Lafler*, 132 S.Ct. at 1384-1385 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

In the habeas context, this court considers petitioner's ineffective assistance claim "within the more limited assessment of whether the state court's application of *Strickland* to the facts of this case was objectively unreasonable."  *Washington v. Hofbauer*, 228 F.3d 689, 702 (6th Cir. 2000).

The Supreme Court has recently affirmed in several cases that this court must approach the state court's rulings in a highly deferential manner.  The Supreme Court stated in *Harrington v. Richter* that the "pivotal question" of

30

whether the state court's application of *Strickland* standard was unreasonable is different from simply deciding whether counsel's performance fell below *Strickland*'s standard.  *Harrington v. Richter*, 131 S.Ct. 770, 785 (2011).   The focus on habeas review is "not whether counsel's actions were reasonable," rather, the question is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."  *Richter*, 131 S.Ct. at 788.

The Court in *Richter* instructed that the petitioner must show that the ruling of the state court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Richter*, 131 S.Ct. at 786-787; *see also Montgomery v. Bobby*, 654 F.3d 668, 676 (6th Cir. 2011) (en banc), *cert. denied*, 132 S.Ct. 2376 (2012) (quoting *Richter*).  The Court acknowledged that, under the AEDPA, this standard was "difficult to meet," however, it was "meant to be" so.  *Id.* at 786; *see also Montgomery*, 654 F.3d at 676.

Reviewing the state court's ruling in accordance with the guidance set forth by the U.S. Supreme Court in *Richter* and *Lafler*, the court finds that Rice has failed to demonstrate that the state court's application of *Strickland*  was unreasonable.  The petition should not be granted on the basis of the fifth ground.

### B.  Claims Barred by Res Judicata

The respondent also asserts that grounds one through eight, ten, and twelve through sixteen are barred because the state court applied the doctrine of res judicata when Rice attempted to raise those claims in state court.  (Doc. 18, at 42-43; *see, e.g.*, doc. 18 RX 41, 135.)  The court has already determined that Rice's guilty plea bars habeas review of the first, second, third, fourth, sixth, and seventh grounds of the petition.  As to the fifth ground, Rice has failed to demonstrate that the state court's application of *Strickland*  was unreasonable.

### 1.  Ground Eight:  Brady Violation

The eighth ground of the petition appears to argue a *Brady* violation, stating, in part:

> The state withheld Petitioner arrest DVD video after being ordered by the court to produce and disclose it to the defense 5 months prior to trial and wilfully suppressed it.  Clearly denying Petitioner a cohesive defense, Due Process and Equal Protection of law Compulsory Process, Effective Counsel, and a Fair Trial by Jury.
>
> Thereby, the state withheld requested court ordered favorable exculpatory evidence that supported Petitioner's innocence on undermining the determination of his guilt or innocence in the prosecution proceeding.

(Doc. 13, at 35.)  Rice failed to raise this claim on direct appeal, or in his initial petition for post-conviction relief.  *See generally* doc. 18, RX 11, 40.

A habeas claim may be procedurally defaulted in two distinct ways.  First, by failing to comply with state procedural rules.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)).

Second, by failing to raise a claim in state court, and to pursue the claim through the state's ordinary review process. *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)).   The respondent argues that Rice's claims were barred by res judicata, thus not properly exhausted in state court.  ([Doc. 18](), at 42-43.)

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies.  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001) (citing *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir.), *cert. denied*, 534 U.S. 977 (2001)).  To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.  The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990)).  Where the petitioner failed to present a claim in state court, a habeas court may deem that claim procedurally defaulted because the Ohio state courts would no longer entertain the claim.  *Adams v. Bradshaw*, 484 F.Supp.2d 753, 769 (N.D. Ohio 2007) (citing *Buell*, 274 F.3d at 349).

Res judicata would bar Rice from litigating any issues which could have been raised on direct appeal, but were not.  *State v. Perry*, 10 Ohio St.2d 175, 180, 226

N.E.2d 104, 108 (1967).  The Supreme Court of Ohio will not consider a constitutional question which was not properly raised and argued in the lower courts.  *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir.), *cert. denied*, 474 U.S. 831 (1985); *Adams*, 484 F.Supp.2d at 769; *City of Wooster v. Graines*, 52 Ohio St.3d 180, 185, 556 N.E.2d 1163, 1168 (1990) (citing cases); *State v. Phillips*, 27 Ohio St.2d 294, 302, 272 N.E.2d 347, 352 (1971).

Rice has failed to properly exhaust his claim by giving the state high court a full and fair opportunity to rule on his constitutional claims.  *Rust*, 17 F.3d at 160, (citing *Manning*, 912 F.2d at 881).  Rice cannot return to state court to exhaust the claims because the Ohio Supreme Court has ruled that arguments that could have been raised in an initial appeal (and were not) will be barred from consideration on appeal following remand, under the doctrine of res judicata.  *State v. Hutton*, 100 Ohio St.3d 176, 182, 797 N.E.2d 948, 956 (2003); *State v. Gillard*, 78 Ohio St.3d 548, 549, 679 N.E.2d 276 (1997), *cert. denied*, 523 U.S. 1108 (1998).

"If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted."  *Williams*, 460 F.3d at 806 (citing *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)).  Where state court remedies are no  longer available to the petitioner, procedural default and not exhaustion bars habeas review.  *Id.*  Where the petitioner fails to demonstrate cause and prejudice to excuse the default, the claim is barred.  *Id.* at 807.

34

Although ineffective assistance of counsel could serve as cause to overcome the default, the court has found that Rice has failed to demonstrate that the state court's application of *Strickland* was unreasonable.  The petition should not be granted on the basis of the eighth ground.

### 2.  Ground Ten:  Allied Offenses

In his tenth ground, Rice argues that he was improperly convicted of "allied offenses crimes of similar import."  (Doc. 13, at 42-44.)  Rice failed to raise this claim on direct appeal, or in his petition for post-conviction relief.  *See generally* doc. 18, RX 11, 40.  Rice has failed to properly exhaust his claim by giving the state high court a full and fair opportunity to rule on his constitutional claims, thus his claim has been procedurally defaulted as res judicata, under the analysis outlined above. *Rust*, 17 F.3d at 160,  (citing *Manning*, 912 F.2d at 881).

In addition, the petition argues that Rice should be have been sentenced differently if the crimes were properly recognized as "allied offenses," not that there is a federal constitutional (e.g., double jeopardy) violation, thus he argues that Ohio state law was improperly applied.  (Doc. 13, at 43.)

The focus on the statutory elements of the offense distinguishes the U.S. Supreme Court's double jeopardy jurisprudence from Ohio law construing Ohio's "allied offenses of similar import" statute.  *Compare United States v. Dixon*, 509 U.S. 688, 696, 704 (1993) (rejecting "same conduct" test), with *State v. Johnson*, 128 Ohio St.3d 153, 153, 162-163, 942 N.E.2d 1061, 1062, 1070 (2010) (focus on conduct

35

of the accused, not whether it is possible to commit one offense without committing the other).  Thus, analysis under Ohio's "allied offenses of similar import" statute is properly an issue of state law, and is not appropriate for this court's habeas review.

The petition should not be granted on the basis of the tenth ground.

### 3.  Ground Twelve:  Final Appealable Order

In his twelfth ground, Rice claims that his "final appealable order was errantly drafted so as to be void denying his right to a final appealable order required in every criminal proceeding." (Doc. 13, at 47.)  Rice failed to raise this claim on direct appeal.  *See generally* doc. 18, RX 11.  Rice has failed to properly exhaust his claim by giving the state high court a full and fair opportunity to rule on his claim, thus his claim has been procedurally defaulted as res judicata, under the analysis outlined earlier.  *Rust*, 17 F.3d at 160,  (citing *Manning*, 912 F.2d at 881).

Indeed, Rice's direct appeal was heard by the Ohio Court of Appeals, without the state court mentioning any jurisdictional, or other, barrier concerning an improper final appealable order.  *See generally* doc. 18, RX 16; *Rice*, 2007 WL 4277889.  In any event, the petition does not alleged a federal constitutional violation, and none is apparent to this court.

The petition should not be granted on the basis of the twelfth ground.

36

### 4.  Ground Thirteen:  New Trial

The thirteenth ground of the petition claims that Rice was "denied his right to a New Trial in light of newly discovered evidence and the denial deprivation, and prejudice of these guaranteed fundamental absolute rights by and through multiple significant infringements of constitutional magnitude." (Doc. 13, at 49.)

On April 20, 2007, Rice filed a motion for a new trial, based on "newly discovered evidence."  (Doc. 18, RX 21.)  On May 24, 2007, the trial court denied the motion for a new trial, finding that Rice had waived his right to trial when entering a counseled plea of guilty.[3]  (Doc. 18, RX 24.)  Rice did not appeal that determination.  Thus, Rice has failed to properly exhaust this claim by giving the state high court a full and fair opportunity to rule on his claim, thus his claim has been procedurally defaulted as res judicata, under the analysis outlined earlier. *Rust*, 17 F.3d at 160,  (citing *Manning*, 912 F.2d at 881).

The petition should not be granted on the basis of the thirteenth ground.

### 5.  Ground Fourteen:  Withdraw Plea

The fourteenth ground of the petition is that Rice was "denied his right to withdraw his guilt plea in light of the denial, deprivation, and prejudice of these

---

[3]  Under Ohio law, a valid plea of guilty precludes the defendant from subsequently making a motion for a new trial.  *See, e.g.*, *State v. Woodley*, No. 83104, 2005 WL 2240985, at *1 (Ohio Ct. App. Sept. 15, 2005) (quoting *State v. Frohner*, 150 Ohio St. 53, 80 N.E.2d 868 (1948) (syllabus, ¶ 13)); *State v. Burke*, No. 17955, 2001 WL 227350, at *1 (Ohio Ct. App. Mar. 9, 2001) (quoting *Frohner*).

guaranteed fundamental absolute rights by and through multiple significant infringements of constitutional magnitude." (Doc. 13, at 52-53.)

Rice filed several motions to withdraw his guilty plea, the first on Aug. 11, 2008, which was denied by the trial court. (Doc. 18, RX 63, 68.)  Rice filed a timely notice of appeal to the court of appeals, but the appeal was dismissed for failure to file a brief, on Jan. 28, 2009.  (Doc. 18, RX 69, 71.)  Rice did not appeal that determination to the state high court.

Rice filed another motion to withdraw his plea on Mar. 3, 2009.  (Doc. 18, RX 74-75.)  The trial court denied this motion on May 1, 2009.  (Doc. 18, RX 78.)

Rice filed an appeal of that denial (doc. 18, RX 81), but the state court of appeals dismissed his appeal on June 24, 2009, citing *Special Prosecutors*, 55 Ohio St.2d at 97, 378 N.E.2d 162 (trial court without jurisdiction to vacate plea after conviction affirmed). The court of appeals held that the trial court did not have jurisdiction to rule on Rice's motion to withdraw his guilty plea, thus the ruling was void and an appeal cannot be taken from a void judgment.  (Doc. 18, RX 83; *Rice*, 2009 WL 1875238.)

Rice did not appeal that determination to the state high court.  Thus, Rice has failed to properly exhaust this claim by giving the state high court a full and fair opportunity to rule on his claim, thus his claim has been procedurally defaulted as res judicata, under the analysis outlined earlier.  *Rust*, 17 F.3d at 160,  (citing *Manning*, 912 F.2d at 881).

38

In any event, the court points out that there is no federal constitutional right to withdraw a guilty plea. *Dickey v. Warden, Lebanon Corr. Inst.*, No. 1:08CV819, 2010 WL 92510, at *7-*8  (S.D. Ohio Jan. 6, 2010) (citing cases); *Breeden v. Beightler*, No. 3:06CV3056, 2008 WL 1995367, at *13 (N.D. Ohio May 6, 2008) (citing *United States ex rel. Scott v. Mancusi*, 429 F.2d 104, 109 (2d Cir. 1970)).

In addition, this court lacks authority to adjudicate a claim that the state court abused its discretion by denying a motion to withdraw a guilty plea. *Xie v. Edwards*, 35 F.3d 567, 1994 WL 462143, at *2 (6th Cir. Aug. 25, 1994) (TABLE, text in WESTLAW) (whether trial court abused discretion in denying motion to withdraw plea is question of state law); *Artiaga v. Money*, No. 3:04CV7121, 2007 WL 928640, at *2 (N.D. Ohio Mar. 27, 2007).  Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of Ohio Criminal Rule 32.1 is not properly before this court. *Lewis*, 497 U.S. at 780; *Akemon v. Brunsman*, No. C-1-06-166, 2007 WL 2891012, at *12 (S.D. Ohio Sept. 28, 2007).

The question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Rice has failed to demonstrate that the state court's actions were contrary to, or involved an unreasonable application of, clearly established federal law.

The petition should not be granted on the basis of the fourteenth ground.

## 6.  Grounds "Fifteen and Sixteen"

The respondent also argues that grounds fifteen and sixteen are barred as procedurally defaulted on the basis of res judicata.  One slight problem arises here: the respondent's Motion to Dismiss lists seventeen grounds, whereas the amended petition itself only contains sixteen grounds.  *See* doc. 13, at 10, 13, 16, 20, 24, 29, 33, 35, 37, 42, 44, 47, 49, 52-53, 56, and 58.

It appears that the motion includes two versions of the actual fourteenth ground (addressed above), concerning the denial of the motion(s) to withdraw plea, listed in the motion as both "Ground Fourteen" and "Ground Fifteen."  (Doc. 18, at 34; *compare* doc. 13, at 52-53 (ground 14, denial of motion to withdraw) and 56 (ground 15, unconstitutional sentence).)  There is no question, however, that the respondent contends that fifteenth ground (denominated in the motion as the "sixteenth" ground), alleging an unconstitutional sentence, has been procedurally defaulted.

In the fifteenth ground of the amended petition, Rice argues that he was "unconstitutionally sentenced to two maximum 10 year consecutive terms but was legally bound to a maximum 10 years concurrent term of the two alleged allied offenses for prosecution." (Doc. 13, at 56.)  This claim appears to be a variation of the tenth ground, wherein Rice argued that he should be have been sentenced differently if the crimes were properly recognized as "allied offenses." (Doc. 13, at 43.)

Rice failed to raise this claim on direct appeal, or in his petition for post-conviction relief.  *See generally* doc. 18, RX 11, 40.  Although Rice raised an assignment of error on appeal concerning sentencing, namely, that the trial court did not properly consider the statutory factors in Ohio Rev. Code §§ 2929.11 and 2929.12 (see doc. 18, RX 11, at 12-14), "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also Brandon v. Stone*, No. 06-5284, 2007 WL 786330, at *1 (6th Cir. March 15, 2007) (citing *Williams v. Bagley*, 380 F.3d 932, 969 (6th Cir. 2004)).  Rice did not raise the claim that his sentencing to consecutive terms was improper because the crimes should have been considered as "allied offenses of similar import" under state law.

Rice has failed to properly exhaust his claim by giving the state high court a full and fair opportunity to rule on his constitutional claims, thus his claim has been procedurally defaulted as res judicata, under the analysis outlined above. *Rust*, 17 F.3d at 160,  (citing *Manning*, 912 F.2d at 881).

The petition should not be granted on the basis of the fifteenth ground.


## C.  Ineffective Assistance of Appellate Counsel

In the eleventh ground of the amended petition, Rice alleges ineffective assistance of appellate counsel.  Rice claims that counsel did not pursue the

"significant constitutional infringements" of grounds one through nine of the habeas petition "in favor of the weaker arguments used on direct appeal." (Doc. 13, at 44-45.)

This court cannot consider a federal claim in a habeas petition which was not fairly presented to the state courts. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Picard v. Connor*, 404 U.S. 270, 274-275 (1971); *Jacobs v. Mohr*, 265 F.3d 407, 415 (6th Cir. 2001). However, the petitioner "need not exhaust any and all remedies that are potentially available to him in state court," only those remedies which comprise the state's standard appellate review process. *Clinkscale v. Carter*, 375 F.3d 430, 439 (6th Cir. 2004), *cert. denied*, 543 U.S. 1177 (2005) (citing *O'Sullivan*, 526 U.S. at 844-845); *see also United States ex rel. Ross v. LaVallee*, 448 F.2d 552, 553 (2d Cir. 1971) (exhaustion requirement applies only to direct appeal, not to collateral post-conviction relief). In addition, a habeas court need not wait for exhaustion if it determines that a return to state court would be futile. *Davie v. Mitchell*, 324 F.Supp.2d 862, 869-870 (N.D. Ohio 2004), *aff'd*, 547 F.3d 297 (6th Cir. 2008), *cert. denied,* 558 U.S. 996 (2009) (citing *Lott v. Coyle*, 261 F.3d 594, 608 (6th Cir. 2001)).

The Ohio Supreme Court has held that "issues of ineffective assistance of appellate counsel must be raised at the first opportunity to do so." *Monzo*, 281 F.3d at 578 (quoting *State v. Williams*, 74 Ohio St.3d 454, 455, 659 N.E.2d 1253, 1254 (1996) (per curiam)). Under Ohio law, claims of ineffective assistance of appellate

counsel must be raised in a motion to re-open the appeal before the Ohio Court of Appeals. *Monzo*, 281 F.3d at 577 (citing *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992)); Ohio App. R. 26(B). Such a motion must be filed in the court of appeals within 90 days of the appellate judgment. *State v. Lamar*, 102 Ohio St.3d 467, 468, 812 N.E.2d 970 (2004) (per curiam), *cert. denied*, 543 U.S. 1168 (2005); *State v. Reddick*, 72 Ohio St. 3d 88, 90, 647 N.E.2d 784, 786 (1995) (per curiam). The court of appeals rendered its judgment on Dec. 7, 2007, and Rice failed to file a timely motion to re-open within 90 days. *See generally* doc. 18, RX 16; *Rice*, 2007 WL 4277889.

Given the multitude of briefs filed by Rice over the years, it is difficult to discern at what point Rice first raised the argument of ineffective assistance of appellate counsel. In his petition, he claims to have raised the argument in over a dozen motions and petitions, doc. 13, at 46-47, yet reference to the record demonstrates this assertion is clearly inaccurate.

The first mention of ineffective assistance of appellate counsel that the court is able to locate occurs in his Memorandum in Support of Jurisdiction to the Supreme Court of Ohio, filed on Dec. 16, 2010, three years after the judgment in his direct appeal. (Doc. 18, RX 137, at 6-7.) The specific judgment which Rice was appealing to the state high court was the court of appeals' affirming the trial court's June 2010 denial (doc. 18, RX 130) of his motion to dismiss his indictment. In his brief in support to the court of appeals, Rice had raised a single multi-faceted

43

assignment of error (which did <u>not</u> include ineffective assistance of appellate counsel).  (Doc. 18, RX 132.)  The court of appeals found that Rice could have raised, but did not, any alleged deficiency of the indictment in his first appeal of right, thus the claim was barred by res judicata. (Doc. 18, RX 135, at 3; *Rice*, 2010 WL 4547260.)

In his Memorandum in Support of Jurisdiction to the state supreme court, Rice's first proposition of law (of seven) was an argument that appellate counsel was ineffective for failing to raise five claims.  (Doc. 18, RX 137, at 6-8.)  As noted, that claim had not been raised below.  *See generally Leroy*, 757 F.2d at 99 (Ohio Supreme Court will not consider constitutional question not properly raised below); *Adams*, 484 F.Supp.2d at 769; *City of Wooster*, 52 Ohio St.3d at 185, 556 N.E.2d at 1168 (citing cases); *Phillips*, 27 Ohio St.2d at 302, 272 N.E.2d at 352.  On Apr. 20, 2011, the Supreme Court of Ohio declined jurisdiction to hear the case, and dismissed the appeal as not involving any substantial constitutional question.  (Doc. 18, RX 138; *Rice*, 128 Ohio St.3d 1458, 945 N.E.2d 522.)

The court finds that any attempted return to state court[4] with the ineffective assistance of appellate counsel claim would be futile.  *See generally Davie*, 324 F.Supp.2d at 869-870 (citing *Lott* , 261 F.3d at 608).  Rice does not claim to have filed a Rule 26 motion; nor does he argue that he could now do so given the relevant

---

[4]  The court also notes that Rice's original habeas petition was dismissed, without prejudice, to allow Rice to exhaust his state remedies.  (Doc. 6.)

deadline, which passed over six years ago.  *See, e.g., State v. Fautenberry,* 78 Ohio St.3d 320, 677 N.E.2d 1194 (1997) (untimely application barred without showing of good cause for delay);  *State v. Myers*, 102 Ohio St.3d 318, 319, 810 N.E.2d 436, 438 (2004) (application filed more than four years after appellate judgment time-barred).  Rice has offered no cause for his delay, despite having had several opportunities to do so, while numerous filings in state court were denied as untimely.  *See, e.g., Goldberg v. Maloney*, 692 F.3d 534, 538 (6th Cir. 2012); *Davie*, 324 F.Supp.2d at 869-870.

Ineffective assistance of counsel cannot be cause to excuse this procedural default, because there is no right to assistance of counsel for collateral challenges. *Carter v. Mitchell*, 693 F.3d 555, 565 (6th Cir. 2012) (citing *Lopez v. Wilson*, 426 F.3d 339, 352 (6th Cir. 2005) (en banc)); *see also Abdus–Samad v. Bell*, 420 F.3d 614, 632 (6th Cir. 2006), *cert. denied,* 549 U.S. 952 (2006); *Johnson v. Florida Dep't of Corr.*, 513 F.3d 1328, 1331 (11th Cir. 2008), *cert. denied,* 555 U.S. 851 (2008) (no constitutional right to post-conviction counsel).  Additionally, because this claim is procedurally defaulted, any alleged ineffectiveness of appellate counsel cannot be "cause" to excuse any other grounds for relief that Rice procedurally defaulted. *Carter*, 693 F.3d at 565.

The petition should not be granted on the basis of the eleventh ground.

## D.  Actual Innocence

The respondent contends that the ninth and "seventeenth" (that is, sixteenth) grounds of the petition are based on actual innocence, which is not cognizable as a stand-alone basis for federal habeas relief. (Doc. 18, at 51-52.)

In the ninth ground, Rice states that he has been rendered "factually and actually innocen[t] in light of the denial, deprivation, and prejudice of these guaranteed fundamental absolute rights by and through significant multiple infringements" of "Due Process, Equal Protection, proper Nature of Charge, proper Grand Jury Indictment, Compulsory Process, Double Jeopardy, Confrontation of Witnesses, Cruel and Unusual Punishment Inflicted, Effective Assistance of Counsel and Fair Trial by Jury." (Doc. 13, at 37.)

In the sixteenth ground, Rice recites the same litany of alleged constitutional violations, and asserts that: "The state has had an overwhelming opportunity to correct the significant multiple infringements of constitutional magnitude."  The state's failure to do so has rendered him "actually innocen[t], unlawfully, unconstitutionally and wrongfully convicted of the falsely purported crimes and evidence for prosecution, making him illegally restrained of his liberties and entitled to habeas corpus relief." (Doc. 13, at 58.)

Rice appears to argue that the cumulative effect of the state's errors is to render him legally innocent of the criminal charges against him.  Under Sixth Circuit precedent, claims of cumulative error are not cognizable in a habeas

proceeding. *See, e.g.*, *Hoffner v. Bradshaw*, 622 F.3d 487, 513 (6th Cir. 2010), *cert. denied*, 131 S.Ct. 2117 (2011) (citing *Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005), *cert. denied*, 549 U.S. 1027 (2006)); *Rafferty v. Hudson*, No. 5:08CV1973, 2009 WL 2151832, at *8 (N.D. Ohio July 14, 2009).

In addition, a petitioner's claim of actual innocence in a non-capital case does not entitle him to habeas relief absent an independent constitutional violation in the criminal proceeding.[5] *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Sitto v. Lafler*, No. 06-2203, 2008 WL 2224862, at *1 (6th Cir. May 28, 2008); *Cress v. Palmer*, 484 F.3d 844, 854-855 (6th Cir. 2007); *Bozsik v. Bradshaw*, No. 1:03CV1625, 2011 WL 4631908, at *4 (N.D. Ohio Mar. 18, 2011). Rice has established no such error.

The petition should not be granted on the basis of the ninth or sixteenth grounds.

The motion to dismiss the petition should be granted.

---

[5] In *Schlup v. Delo*, 513 U.S. 298, 313-317 (1995), the Supreme Court distinguished between a procedural innocence claim, which can permit a petitioner to transcend procedural obstacles that would otherwise preclude review of underlying constitutional claims, and a substantive innocence claim.

## IV.  MOTION FOR DEFAULT JUDGMENT

Rice has filed a motion for default judgment (doc. 22), on the basis that the respondent did not file a reply to his memorandum in opposition to the motion to dismiss.

The burden to show that he is in custody in violation of the Constitution is on the petitioner.  Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970), cert. denied, 400 U.S. 906 (1970).  Any failure to file a Return, or a reply, by the Warden does not relieve the petitioner of his burden of proof.  *Id.*  The Sixth Circuit has found that default judgments are not available in habeas corpus proceedings.  *Allen*, 424 F.2d at 138; Mahaday v. Cason, 222 F.Supp.2d 918, 921-922 (E.D. Mich. 2002), aff'd, No. 05-1785, 2007 WL 1310158 (6th Cir. 2007), cert. denied, 552 U.S. 1198 (2008) (citing cases); *see also Gordon v. Duran,* 895 F.2d 610, 612 (9th Cir. 1990) (citing cases) (failure to respond to claims in habeas petition does not entitle petitioner to default judgment); *Ruiz v. Cady*, 660 F.2d 337, 340 (7th Cir. 1981) (reversing grant of petition; default judgment without full inquiry into merits especially rare).

48

RECOMMENDATION

It is recommended that the motion to dismiss (doc. 18) the petition for a writ of habeas corpus be granted.  The motion for default judgment (doc. 22) should be denied.

Dated: __July 29, 2014__          __/s/ Kenneth S. McHargh_____
                                  Kenneth S. McHargh
                                  United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).